UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ECOVENTURE WIGGINS PASS, LTD., | Case No. 9:08-bk-9197-ALP |
| AQUA AT PELICAN ISLE<br>YACHT CLUB MARINA, INC., | Case No. 9:08-bk-9198-ALP |
| PELICAN ISLE YACHT CLUB<br>PARTNERS, LTD., | Case No. 9:08-bk-9199-ALP |
| Debtors._____/ | Jointly Administered Under<br>Case No. 9:08-bk-9197-ALP |

# DEBTORS' FIRST AMENDMENT TO
# REVISED JOINT PLAN OF REORGANIZATION
# UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

STICHTER, RIEDEL, BLAIN & PROSSER, P.A
Harley E. Riedel
Florida Bar No. 183628
Stephen R. Leslie
Florida Bar No. 0375576
Daniel R. Fogarty
Florida Bar No. 0017532
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone (813) 229-0144
Facsimile (813) 229-1811
hriedel@srbp.com
sleslie@srbp.com
dfogarty@srbp.com
Counsel for Debtors and Debtors in Possession

Tampa, Florida
Dated: July 21, 2009

# FIRST AMENDMENT TO REVISED JOINT PLAN

ECOVENTURE WIGGINS PASS, LTD. ("Ecoventure"), AQUA AT PELICAN ISLE YACHT CLUB MARINA, INC. (the "Marina Club"), and PELICAN ISLE YACHT CLUB PARTNERS, LTD. ("Partners"), the Debtors in the Bankruptcy Cases, hereby propose the following first amendment (the "Amendment") to their revised joint plan (Docket No. 439, the "Plan") for the reorganization of the Debtors. This Amendment is intended to address certain aspects of objections to confirmation filed by various parties to the Plan. The following cited Articles of the Plan are hereby amended as follows:

\* \* \* \* \*

## ARTICLE I

Article 1 is amended to add the following definition for "Causes of Action" and to identify the "Plan Agent", and to add Causes of Action to the Unsecured Fund as follows:

\* \* \* \* \*

"**Causes of Action**" means any and all of the Debtors' or the Debtors' Estates' actions, claims, demands, rights, defenses, counterclaims, suits and causes of action, whether known or unknown, in law, equity or otherwise, including (a) all avoidance actions and rights to recover transfers voidable or recoverable under Sections 502, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, and (b) any and all other claims or rights of any value whatsoever, at law or in equity, against any Creditor or other third party, including claims of the type referred to in the Disclosure Statement or in Article 8.7 of the Plan. When used in the Plan, the term "Causes of Action" shall not include any claims, obligations, suits, judgments, damages, rights, remedies, causes of action, charges, costs, debts, indebtedness, or liabilities released or waived by order of the Bankruptcy Court or in writing by the Debtors. Causes of Action shall not include actions, claims, demands, rights, defenses, counterclaims, suits, and causes of action that: (a) arise out of or relate to any assets of the Debtor subject to Regions liens that are being transferred or assigned to Regions under the Plan; (b) arise out of or relate to the Deposits; or (c) arise out of or relate to the claims for recovery asserted by Regions in the adversary proceeding filed by Regions, adversary proceeding no. 9:09-ap-00355-ALP, or claims owned and asserted by Regions in any other adversary proceedings in which Regions is a counterclaimant or seeks to intervene as a counterclaimant. A Cause of Action shall not, under any circumstances, be waived as a result of the failure of the Debtors to describe such Cause of Action with specificity in the Plan or in the Disclosure Statement; nor shall the Debtors, or the Reorganized Debtors be estopped or precluded under any theory from pursuing the Causes of Action. Nothing in the Plan operates as a release of any of the Causes of Action.

\* \* \* \* \*

"**Plan Agent**" means, Gerard McHale, Jr., who is the Person with the duty to administer the Unsecured Fund and pursue Causes of Action as described in Article 8 of the Plan.

\* \* \* \* \*

"**Unsecured Fund**" means that certain fund of $100,000 as funded by Regions for the benefit of Holders of Allowed Class 5 Claims as described in Articles 5 and 8 of the Plan, together with the net proceeds recovered from the Causes of Action.

\* \* \* \* \*

## ARTICLE 5

Article 5 is amended to revise Article 5.4 as follows:

Paragraph 5.4 of the Plan is amended to add at the end of the complete paragraph the following sentence:

Notwithstanding anything in this Plan to the contrary, Regions shall not be obligated to complete the Closing if prior to the Effective Date Regions determines, in its sole discretion, that there are any significant matters that have a material negative effect on the value of the Debtors Property.

\* \* \* \* \*

## ARTICLE 8

Article 8 is amended to revise Articles 8.1 and 8.7 to address the duties of the Plan Agent, and to clarify that no substantive adjudication of rights of purchasers in deposits will occur, as follows:

Paragraph 5.4 of the Plan is amended to add at the end of the complete paragraph the following sentence:

Distribution of the balance of the Unsecured Fund by the Plan Agent [and not Regions] shall occur following the resolution of all Disputed Claims, the resolution of all Causes of Action, the determination of all fees and costs by the Plan Agent following application to the Bankruptcy Court, and the resolution of the adversary proceedings and Disputed Deposits referenced in Article 7.3 of the Plan.

* * * * *

8.7   **Preservation of Causes of Action, Pursuit by Plan Agent**

Except as otherwise provided in the Plan or the Confirmation Order, or in any contract, instrument, release, indenture or other agreement entered into in connection with the Plan, in accordance with Section 1123(b) of the Bankruptcy Code, the Reorganized Debtors will transfer to the Plan Agent all Causes of Action that the Debtors or their Estates may hold against any Person, including Causes of Action arising under Chapter 5 of the Bankruptcy Code. The Debtors are not currently in a position to express an opinion on the merits of any of the Causes of Action or on the recoverability of any amounts as a result of any such Causes of Action. No claim, right or Cause of Action, suit, or proceeding shall, under any circumstances, be waived as a result of the failure of the Debtors to describe same with specificity in the Plan or the Disclosure Statement. Confirmation of the Plan and entry of the Confirmation Order is not intended to and shall not be deemed to have any res judicata, collateral estoppel or other preclusive effect which would precede, preclude, or inhibit prosecution of such claims, rights or Causes of Action, suits, and proceedings following Confirmation of the Plan.

8.8   **No Substantive Adjudication of Rights in Deposits Under the Plan**

**To avoid confusion by some parties who have objected to confirmation of the Plan, other than the transfer of whatever rights the Debtors may have in Deposits to Regions on the Effective Date, *if any*, NOTHING IN THE PLAN, CONFIRMATION ORDER, OR OTHERWISE IS INTENDED TO OR SHALL MODIFY ANY RIGHT, DEFENSE, OR CLAIM THAT MAY BE ASSERTED TO ANY DEPOSIT BY ANY PARTY OBJECTING TO CONFIRMATION. All the Plan does is assign, on the Effective Date, whatever rights the Estates have in Deposits, *if any*, to Regions.**

* * * * *

## ARTICLE 10

To address the objection by Cypress, Article 10 is amended to delete Article 10.4 entirely.

10.4   **Limited Extension of DIP Loan Absent Closing**.

*ARTICLE 10.4 IS DELETED.*

* * * * *

4

# ARTICLE 11

Article 11 is amended to delete Articles 11.2, 11.4, and 11.5 entirely, and Article 11.3 is amended as follows:

* * * * *

11.2 **Discharge of Claims and Termination of Equity Interests**.

*ARTICLE 11.2 IS DELETED.*

11.3 **Exculpation from Liability**.

The Debtors, the Reorganized Debtors, the Chief Restructuring Officer, their respective managers, general partners, and executive officers, and their respective Professionals (acting in such capacity) shall be entitled to the protections afforded under Section 1125(e) of the Bankruptcy Code, in addition to whatever other protections are otherwise provided under applicable law.

11.4 **General Injunction**.

*ARTICLE 11.4 IS DELETED.*

11.5 **Term of Certain Injunctions and Automatic Stay**.

*ARTICLE 11.5 IS DELETED.*

* * * * *

Finally, the Debtors also attach as **Exhibit "5"** to the confirmation affidavit a chart showing the extent and status of deposits on hand with the Escrow Agent [Lawyers Title Insurance] as of the Petition Date, updated through the date of the Plan.

ECOVENTURE WIGGINS PASS, LTD., a Florida limited partnership

By: _____

Its: _Ecoventure Wiggins Pass, Inc._
     _General Partner_

PELICAN ISLE YACHT CLUB PARTNERS, LTD., a Florida limited partnership

By: _____

Its: _Ecoventure Yacht Club, Inc._
     _General Partner_

Dated: July 22, 2009

AQUA AT PELICAN ISLE YACHT CLUB MARINA, INC., a Florida corporation

By: _____

Its: _President_

Respectfully submitted,

/s/ Stephen R. Leslie
Harley E. Riedel
Florida Bar No. 183628
Stephen R. Leslie
Florida Bar No. 0375576
Daniel R. Fogarty
Florida Bar No. 0017532
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
PH    (813) 229-0144
FAX   (813) 229-1811
hriedel@srbp.com
sleslie@srbp.com

H:\User\Ecoventure Wiggins-Aqua\Plan\Joint Plan Amendment July 21.doc